IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES DEUTSCH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:21-cv-915 |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Patricia L. Dodge |
| MORRIS HOUSER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

Pending before the Court[1] is the Respondents' Motion to Dismiss (ECF 10) the Petition for a Writ of Habeas Corpus (ECF 4) filed by Petitioner James Deutsch under 28 U.S.C. § 2254. For the reasons below, the Court will grant Respondents' Motion, deny Deutsch's claims for habeas relief as time-barred and deny a certificate of appealability.

**I.      Relevant Background**

In 2007, Deutsch was charged in the Court of Common Pleas of Beaver County with criminal homicide, conspiracy and other offenses related to the robbery and death of James Dwyer. Deutsch's jury trial was held in March 2008. Attorney Steve Valsamidis was his trial counsel.

The jury convicted Deutsch of the crimes of second degree murder, robbery, burglary, theft by unlawful taking, and receiving stolen property. The trial court sentenced him to life imprisonment on the second degree murder conviction. No other penalties were imposed on the remaining counts.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

Deutsch, through counsel, filed timely post-sentence motions claiming that the evidence was insufficient to support the jury's verdicts, that the verdicts were against the weight of the evidence, and that the sentence imposed was unduly harsh. (Pet's Ex. B.) Deutsch then hired Attorney Arnold Klein to represent him. According to Deutsch, Attorney Klein often failed to communicate with him and ignored Deutsch's request that he raise additional claims for post-sentence relief. Attorney Klein eventually moved to withdraw Deutsch's post-sentence motions. Deutsch claims Attorney Klein did so without his permission. (ECF 4, ¶¶ 12-16.)

The trial court granted the motion to withdraw Deutsch's post-trial motions on November 3, 2008. Deutsch did not file a direct appeal with the Superior Court of Pennsylvania. Thus, his judgment of sentence became final under both state and federal law on or around December 3, 2008, when the 30-day period for him to file an appeal expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903; 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

On February 23, 2009, Deutsch filed a pro se petition for collateral relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.* The trial court, now the PCRA court, appointed Attorney John Ross of the Beaver County Public Defender's Office to represent him. According to Deutsch, Attorney Ross had little communication with him about the case. (ECF 4, ¶¶ 19-21.) Deutsch subsequently filed a pro se amendment to the PCRA petition.

The PCRA court held an evidentiary hearing on August 10, 2009 at which Deutsch and Attorney Valsamidis testified. (PCRA Hr'g Tr., Pet's Ex. J.) On December 16, 2009, the PCRA court issued a 21-page opinion and final order that denied Deutsch's request for collateral relief. (Pet's Ex. K.) The PCRA court denied on the merits all the claims raised by Deutsch, which were

2

that: (1) Attorney Valsamidis was ineffective for failing to call various witnesses and for advising Deutsch not to testify at trial; (2) there was insufficient evidence presented at trial to support the jury's verdicts; and (3) the jury's verdicts were against the weight of the evidence.

Deutsch did not appeal the PCRA court's decision. He claims that he was initially unaware that Attorney Ross did not file an appeal on his behalf. (ECF 4, ¶¶ 29-35.) On April 9, 2010, Attorney Ross advised Deutsch in a letter that he did not file an appeal because he did "not receive[] any previous notice from you that you wanted to appeal the [PCRA court's] decision." (Pet's Ex. O.)[2] Attorney Ross further advised Deutsch that he saw "no grounds for" PCRA relief and he enclosed the court's December 16, 2009 decision and final order. (*Id.*)

Deutsch filed his Petition for a Writ of Habeas Corpus (ECF 4) with this Court in July 2021. He raises numerous claims in which he asserts that his trial counsel, Attorney Valsamidis, and his post-trial counsel, Attorney Klein, provided him with constitutionally ineffective assistance for various reasons.[3] Deutsch also claims his right to due process was violated because he had no appellate review of his judgment of sentence.

---

[2] The Court assumes without deciding that the letters Deutsch attached to the Petition are authentic. The Court will do so because the letters do not establish that there any grounds to allow him to avoid the conclusion that his claims are time-barred.

[3] To the extent that Deutsch is also claiming that his PCRA counsel, Attorney Ross, was ineffective, such a claim is not cognizable under § 2254 because Deutsch did not have a federal constitutional right to counsel during his PCRA proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, Deutsch cannot receive habeas relief on a stand-alone claim that his PCRA counsel was ineffective, a fact codified by statute at 28 U.S.C. § 2254(i), which provides that "[t]he ineffectiveness of counsel during Federal or State collateral post-conviction proceedings shall not be ground for relief in a proceeding arising under section 2254." Moreover, to the extent that Deutsch is claiming that errors occurred during his PCRA proceeding, such claims are not cognizable either. *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998) (the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding is not cognizable); *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("[A]lleged errors in collateral proceedings are not a proper basis for habeas relief from the original conviction.")

In their Motion to Dismiss (ECF 10), Respondents assert that the Court should dismiss the Petition because Deutsch's claims are time-barred under the applicable one-year statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d). Deutsch has filed his reply (ECF 16) and thus Respondents' Motion is fully briefed.[4]

## II.   Discussion

### A.   Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Deutsch's burden to prove that he is entitled to the writ. *See, e.g.*, *Vickers v. Sup't Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

In 1996, Congress made significant amendments to the federal habeas statutes with the enactment of AEDPA, which "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions

---

[4] Deutsch argues in his reply that the Court should strike Respondents' Motion and enter judgment in his favor because Respondents did not file their responsive pleading within 21 days of service of the Petition as directed by the Court in the service order. Deutsch's request is denied. A habeas petitioner has the burden of proving he is in custody in violation of the Constitution. Therefore, a respondent's tardiness or failure to answer a petition is not grounds for granting federal habeas relief. *See, e.g.*, *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (citing cases for the proposition that "[t]he failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases[.]").

are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000)). AEDPA reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (internal quotations and citation omitted).

AEDPA substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).

B. Deutsch's Claims are Time-barred

AEDPA's statute of limitations is codified at 28 U.S.C. § 2244(d) and it requires, with a few exceptions not applicable here, that habeas corpus claims under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[5] AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d).

As explained above, Deutsch's judgment of sentence became final on or around December 3, 2008. He filed his PCRA petition 55 days later, on February 23, 2009. In accordance with § 2244(d)(2), this PCRA proceeding *statutorily tolled* AEDPA's limitations period beginning on February 23, 2009. Deutsch's PCRA proceeding remained pending through January 15, 2010,

---

[5] The date on which AEDPA's one-year limitations period commenced is determined on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113, 118-22 (3d Cir. 2004). In this case, the statute of limitations for each of Deutsch's claims began to run on the date his judgment of sentence became final in accordance with § 2244(d)(1)(A). The remaining provisions § 2244(d)(1) do not apply here. 28 U.S.C. § 2244(d)(1)(B)-(D).

5

when the 30-day period for him to file an appeal of the PCRA court's order expired. *Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007); *Swartz v. Meyers*, 204 F.3d 417, 419-20 (3d Cir. 2000).

AEDPA's limitations period began to run again the next day, on January 16, 2010. Because 55 days had expired already from the limitations period, Deutsch had 310 more days—until on or around November 22, 2010—to file a timely federal habeas petition. He did not file his Petition until July 15, 2021, thereby making the cognizable claims he raised in the Petition untimely by more than ten years.

Equitable tolling is available to a federal habeas petitioner only if he establishes that (1) he pursued his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631 (2010); *see, e.g.*, *Wallace v. Mahanoy*, 2 F.4th 133, 143-44 (3d Cir. 2021); *Ross v. Varano*, 712 F.3d 784, 798-804 (3d Cir. 2013); *United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original)).

The Court of Appeals has instructed that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998)].

*Id.*

Deutsch has failed to establish that he is entitled to equitable tolling. No evidence supports a finding that he was diligent or that extraordinary circumstances prevented him from filing a timely habeas petition. He may not have understood the ramifications of waiting so long to file his federal habeas petition after his PCRA proceeding concluded in 2010, but it is well established

6

that a petitioner's "lack of legal knowledge or legal training does not alone justify equitable tolling." *Ross*, 712 F.3d at 799-800 (citing *Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003) (equitable tolling not justified where petitioner had one month left in limitations period in which he could have filed "at least a basic pro se habeas petition" at the time that petitioner's attorney informed him that he would not file an appeal in state court on his behalf and could no longer adequately represent him); and *Doe v. Menefee*, 391 F.3d 147, 177 (2d Cir. 2004) ("Given that we expect pro se petitioners to know when the limitations period expires . . . such inadvertence on *Doe*'s part cannot constitute reasonable diligence.")

Based on the above, Deutsch's cognizable claims are time-barred.[6] The Court will therefore grant Respondents' Motion to Dismiss and close this case.

## III.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a

---

[6] A petitioner may also avoid AEDPA's statute of limitations by demonstrating that the federal habeas court's failure to consider it will result in a fundamental miscarriage of justice. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This type of "gateway" actual innocence claim requires evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[,]" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316). There are no grounds to apply the fundamental miscarriage of justice rule to this case.

[certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether Deutsch's claims should be denied as untimely. Thus, a certificate of appealability is denied with respect to each claim.

### IV.     Conclusion

For these reasons, the Court will grant Respondents' Motion to Dismiss (ECF 10), deny Deutsch's Petition because any cognizable claim he asserts in it are time-barred and deny a certificate of appealability with respect to each claim.

An appropriate Order follows.

Date:  September 27, 2024                          /s/ Patricia L. Dodge
                                                   PATRICIA L. DODGE
                                                   United States Magistrate Judge